1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY JOSLIN,

11            Plaintiff,                     No. CIV S-04-0391 GGH

12        vs.

13
     JO ANNE B. BARNHART,
14   Commissioner of
     Social Security,
15
              Defendant.                     ORDER
16   _____/

17            Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits

19   ("DIB") under Title II of the Social Security Act ("Act").  For the reasons that follow, the court

20   denies plaintiff's Motion for Summary Judgment or Remand, and grants the Commissioner's

21   Cross Motion for Summary Judgment.  The Clerk is directed to enter judgment for the

22   Commissioner.

23   BACKGROUND

24            Plaintiff, born March 30, 1952, applied for disability benefits on April 4, 2002.

25   (Tr. at 69.)  Plaintiff alleged he was unable to work since March 31, 1992, due to "chronic back

26   pain, fatigue, frequent nausea, pain, weakness, numbness in left leg and foot."  (Tr. at 82.)

Plaintiff's disability insured status expired on Deceember 31, 1996.  Accordingly, plaintiff had to prove he was disabled on or before that date.  See, e.g., Flaten v. Secretary of HHS, 44 F.3d 1453, 1461 (9th Cir. 1995).  In a decision dated September 26, 2003, ALJ Mark C. Ramsey determined that plaintiff was not disabled.[1]  The ALJ made the following findings:

1.   The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 1996.

2.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.   The claimant had the medically determinable impairment of low back pain on or before December 31, 1996.

4.   On or before December 31, 1996, the claimant did not have any impairment or impairments that significantly limited

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.   _____
Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

1            his ability to perform basic work-related activities;
therefore, the claimant did not have a severe impairment
2            before December 31, 1996 (20 CFR § 404.1521).

3        5.       The claimant was not under a "disability" as defined in the
Social Security Act, at any time through the date of this
4            decision (20 CFR § 404.1520(c)).

5  (Tr. at 13.)

6  ISSUES PRESENTED

7        Plaintiff has raised the following issues:  A.  Whether the ALJ Failed to Obtain

8  Medical Expert Testimony at the Administrative Hearing in Order to Determine the Onset of

9  Plaintiff's Disability; and B.  Whether the ALJ Failed to Make Any Credibility Findings and

10  Therefore Plaintiff Should be Found Fully Credible.

11  LEGAL STANDARDS

12        The court reviews the Commissioner's decision to determine whether (1) it is

13  based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in

14  the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).

15  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Saelee v.

16  Chater, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might

17  accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct.

18  1420 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206

19  (1938).  "The ALJ is responsible for determining credibility, resolving conflicts in medical

20  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.

21  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

22  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

23  Thomas v. Barnhart, 278  F.3d 947, 954 (9th Cir. 2002).

24  \\\\\

25  \\\\\

26  \\\\\

1  ANALYSIS

2      A.  The ALJ Did Not Err in Failing to Obtain Medical Expert Testimony to Determine the

3  Onset of Plaintiff's Disability

4          Plaintiff asserts that the ALJ should have obtained expert testimony at the hearing

5  to determine plaintiff's onset date.  In this regard, plaintiff had claimed disability since March 31,

6  1992; however, his insured status ended on December 31, 1996.  The ALJ found that plaintiff did

7  not have a severe impairment before December 31, 1996.  The pertinent medical events before

8  that date included a gastric bypass surgery on March 31, 1992.  (Tr. at 227.)  He also had a

9  ventral abodminal hernia repair on January 20, 1993.  (Id. at 213.)  Due to a herniated disc

10  diagnosed in October, 1996, as a result of lifting heavy furniture in March, 1996, plaintiff

11  underwent a microdiscectomy on November 1, 1996.  (Id. at 256.)

12          All three medical events resulted in almost immediate medical improvements.  (Id.

13  at 212, 248.)  Although plaintiff experienced nausea and diarrhea after the gastric bypass, these

14  problems steadily decreased over time.  (Tr. at 211, 218.)

15          Plaintiff had several post-operative visits in regard to his back and all entries

16  indicated that he was doing well on November 4 and 8, and into December, 1996 and January,

17  1997 where it was noted variously that plaintiff was "doing well ... doing okay ... doing fine."

18  (Tr. at 248.)  In fact, he was no longer taking pain medications on December 13,1996, and

19  January 8, 1997.  (Id.)

20          Plaintiff contends that he continuously had nausea and diarrhea after the gastric

21  bypass surgery, to the extent that he had to go to the bathroom for half an hour to an hour after

22  eating.  (Tr. at 37.)  He conceded that the frequency of these problems decreased over time to two

23  to four times a week and then they would come and go.  (Tr. at 38.)  He testified that these

24  symptoms did not prevent him from doing anything.  (Id.)  Notably, the medical entries for these

25  problems stop on March 9, 1993, where plaintiff reports that he has rare episodes of nausea.  (Tr.

26  at 211.)  August 24, 1993 was the last entry with Dr. Cooper, who had performed the surgery,

until January 20, 2000, and it did not mention nausea or vomiting.  (Tr. at 210.)  Although

plaintiff testified he still has these problems and they are the same as four years ago, there are no

medical records evidencing any complaints on this score after March, 1993.  As provided by 20

C.F.R. § 404.1512(c), a claimant must provide medical evidence showing that he has an

impairment and how severe it is during the time of alleged disability.

    In regard to plaintiff's back problems, the ALJ found that after the November,

1996 microdiscectomy, plaintiff's back was improved until over six years after his last insured

date:

> The claimant did well after the surgery, according to his treating
> physician, Jeffrey Lobosky, M.D.  Even in January 1997, after the
> claimant was last insured, the claimant was still doing well.  His
> pain was gone.  It was not until December 2000 that an MRI scan
> of the lumbar spine showed lumbar disc protrusion.  Nerve
> conduction studies in May 2001 were normal.  Over six years after
> the date last insured, the claimant was found to have a less than
> sedentary work capacity by his treating physician due to disc
> disruption and an annular tear.

(Tr. at 13.)

    The medical records support these findings.  There are only two sets of records

that cover the period prior to January, 1997.  (Tr. at 243-57; 205-35.)  The records indicate no

reports regarding the back until November 27, 2000, which is the first time plaintiff apparently

complained to doctors about his back since January, 1997.  (Tr. at 249.)  In fact, plaintiff stated in

a May 3, 2001 report that he had been having symptoms of back and lower extremity pain for the

last six months only.  (Tr. at 149.)  Throughout this gap of time, the only other medical condition

for which plaintiff was seen was a hernia repair on February 4, 2000.  (Tr. at 154.)  Although

plaintiff's back condition unfortunately worsened after 2000, his impairments dating from 1996

did not last for a continuous twelve month period.  Furthermore, any deterioration in plaintiff's

condition subsequent to the period of disability is irrelevant.  Weetman v. Sullivan, 877 F.2d 20,

22 (9th Cir. 1989).

\\\\\\

1    Plaintiff's testimony is that after the 1996 back operation, he could only stand or

2 walk for one or two hours, and that he would have to sit with his feet up for an hour. (Tr. at 44.)

3 He also testified that in 1997 and 1998, he would spend six to eight hours a day in a recliner. (Id.

4 at 46.)  Unfortunately, there are no medical records evidencing that plaintiff sought treatment for

5 these symptoms.  See 20 C.F.R. § 404.1512(c).  Plaintiff's citation to Armstrong v.

6 Commissioner, 160 F.3d 587 (9th Cir. 1998), is inapposite.  That case resulted in a remand for

7 medical expert testimony to determine the onset date.  Nevertheless, in citing Social Security

8 Ruling 83-20, the court noted that the determination of onset date must be consistent with all

9 available evidence and may never be inconsistent with the medical evidence in the record.  Id. at

10 589.  Although the court noted it may be possible to assign an onset date some time prior to the

11 first recorded medical exam, such a judgment must have a legitimate medical basis.  In this case,

12 there is no basis for calling a medical expert because there is a complete dearth of medical

13 records regarding plaintiff's back problems for almost four years after his insured status ended.

14    This situation can be analogized to a patient with a brain tumor who undergoes

15 chemotherapy and radiation to shrink the tumor.  These methods work and for four years, the

16 patient is in remission and is able to return to work with a good prognosis.  After four years,

17 however, the tumor returns and the patient's condition worsens.  Despite this unfortunate series

18 of events, the patient was not disabled during the four years he was in remission.

19    Substantial evidence supports the ALJ's decision that plaintiff was not disabled

20 prior to December 31, 1996.

21    B.  Whether the ALJ Failed to Make Any Credibility Findings and Therefore Plaintiff

22 Should be Found Fully Credible

23    Plaintiff also contends that the ALJ failed in his duty to make credibility findings.

24 The court will not address this issue because plaintiff's alleged impairment was not continuous

25 for a twelve month period prior to his date last insured, as addressed in the previous section.

26 \\\\\\

1  CONCLUSION

2          ACCORDINGLY, plaintiff's Motion for Summary Judgment or Remand is

3  DENIED, the Commissioner's Cross Motion for Summary Judgment is GRANTED, and the

4  Clerk is directed to enter Judgment for the Commissioner.

5  DATED: 7/29/05

6                                                    /s/ Gregory G. Hollows

7                                                    _____
                                                     GREGORY G. HOLLOWS
                                                     U.S. MAGISTRATE JUDGE
8  GGH/076
   Joslin0391.ss.wpd
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26